UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
MACK TRUCKS, INC.,

                    Plaintiff,

     -against-                          Civil Action No:
                                        1:07.-CV-0363)-PAC
                                        COMPLAINT
JOHNNY M., LLC, and COMPONENTS BY
JOHN McCOY, INC.,                       ECF CASE

                    Defendants
-------------------------------------X

        This is an action for breach of contract, breach of

guarantee, unjust enrichment, and reformation.  For reasons

set forth below, plaintiff MACK TRUCKS, INC. ("MACK") seeks

damages against defendants JOHNNY M., LLC ("JOHNNY") and

COMPONENTS BY JOHN McCOY, INC. ("COMPONENTS").


                        **JURISDICTION**

        1.  This Court has jurisdiction pursuant to 28

U.S.C. Sections 1332 and 1367.

        2.  Venue is proper in this Court pursuant to 28

U.S.C. Section 1391.


                          **PARTIES**

        3.  MACK is a Pennsylvania corporation with its

principal place of business located at 2100 Mack Boulevard,

Allentown, Pennsylvania.

        4.  Upon information and belief, JOHNNY is a limited

liability company with its principal place of business located

at 20 West 55th Street, New York, New York 10019.

23509

5.    Upon information and belief, COMPONENTS is a New Jersey corporation, duly authorized to do business in the State of New York, with its principal place of business located at 20 West 55th Street, New York, New York 10019.

### THE TRADEMARK LICENSE AGREEMENT AND GUARANTEE

6.    MACK is the owner of the trademarks and service marks "Built Like A Mack Truck, Mack and the Bulldog Design Oval Logo, Bulldog Design, Bulldog Tough, Bulldog Basics, MACK, and various Bulldog designs" (such trademarks and service marks hereinafter referred to as "the Licensed Marks").

7.    On or about April 2, 2004, MACK and JOHNNY entered into a Trademark License Agreement (the "Agreement"), under which MACK granted to JOHNNY an exclusive license to use the Licensed Marks on and in connection with the manufacture, marketing and sale of certain articles of clothing defined in the Agreement (the "Licensed Items"), under the terms and conditions of the Agreement.

8.    Pursuant to Article 3.1 of the Agreement, the Initial Term of the Agreement was three (3) years commencing on April 2, 2004 and ending on March 31, 2007 (the "Initial Term").

9. Pursuant to Article 5.1 of the Agreement, JOHNNY agreed to pay to MACK a Guaranteed Minimum Royalty of $1,272,000.00 for the exclusive rights and license to use the

2

Licensed Marks in connection with the Licensed Items during the Initial Term.

10. Pursuant to Article 5.1 of the Agreement, the Guaranteed Minimum Royalty of $1,272,000.00 was payable in eleven (11) installments as follows: a) $15,000.00 due upon execution of the Agreement; b) $50,000.00 due on or before December 31, 2004; c) $50,000.00 due on or before March 31, 2005; and d) payments of $144,625.00 each due on or before June 30, 2005, September 30, 2005, December 31, 2005, March 31, 2006, June 30, 2006, September 30, 2006, December 31, 2006 and March 31, 2007.

11. In consideration of MACK granting JOHNNY an exclusive license to use the Licensed Marks in accordance with the Agreement, the defendant COMPONENTS guaranteed payment of the Guaranteed Minimum Royalty up to $750,000.00, if the Agreement terminated prematurely during the Initial Term.

12. Article 5.1 of the Agreement further provides that payment of the Guaranteed Minimum Royalty shall be made immediately upon termination of the Agreement.

13. Pursuant to Article 33.2 of the Agreement JOHNNY agreed to pay reasonable attorneys' fees and any other costs and expenses incurred by MACK as a result of a breach of the Agreement by JOHNNY.

**BREACH OF THE TRADEMARK
LICENSE AGREEMENT, GUARANTEE AND TERMINATION**

14.   Despite due demand, JOHNNY has wholly and completely failed to pay any portion of the aforementioned Guaranteed Minimum Royalty to MACK in violation of Article 5.1 of the Agreement and, as such, is in breach of the Agreement.

15.   By letter dated October 10, 2005, JOHNNY'S counsel advised MACK that JOHNNY was "closing its doors" and JOHNNY could not "meet even Guaranteed Minimum Royalties as provided for under the Agreement."

16.   COMPONENTS, as the guarantor of the Agreement, made the first three (3) Guaranteed Minimum Royalty payments due and owing to MACK in accordance with Article 5.1 of the Agreement.  The fourth installment payment on the Guaranteed Minimum Royalty was also paid by COMPONENTS, as the guarantor, in the amount of $144,000.00; less than the $144,625.00 which was actually due by JOHNNY pursuant to the Agreement.

17.   To date, COMPONENTS has paid a total of $259,000.00 to MACK and, as such, is in breach of its obligations as guarantor under the Agreement.

18.   Prior to expiration of the Initial Term, on October 24, 2006, MACK delivered a letter to JOHNNY by certified mail, return receipt requested in accordance with Article 34.1 of the Agreement, notifying JOHNNY that the Agreement was terminated due to JOHNNY'S non-performance.

4

## COUNT I

(Breach Of Contract)

19.   MACK repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "18", inclusive, with the same force and effect as if set forth at length herein.

20.   JOHNNY has failed to comply with its obligations under Article 5.1 of the Agreement, by failing to pay to MACK any portion of the Guaranteed Minimum Royalty, despite due demand therefor.

21.   Pursuant to Article 5.1 of the Agreement, the Guaranteed Minimum Royalty, less any prior payments, was to be paid immediately upon termination of the Agreement.

22.   By reason of the breach of the Agreement, MACK has suffered actual damages in the amount of $963,000.00 plus interest from March 31, 2007.

23.   By virtue of the foregoing, MACK is entitled to the entry of judgment against JOHNNY for the sum of $963,000.00 together with interest from March 31, 2007, plus the costs, disbursements and reasonable attorneys' fees incurred in connection with the commencement and prosecution of the instant action.

## COUNT II

(Breach of Guarantee)

24.   MACK repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "23", inclusive, with the same force and effect as if set forth at length herein.

25.   As a result of the default of JOHNNY and the termination of the Agreement during the Initial Term, COMPONENTS was required by the terms of the guarantee set forth in Article 5.1 of the Agreement to make immediate payment of the Guaranteed Minimum Royalty, up to $750,000.00, upon termination of the Agreement. To date, COMPONENTS has only paid $259,000.00 to MACK.

26.   By reason of the breach of the guarantee, MACK has suffered actual damages in the amount of $491,000.00, together with interest.

27.   By virtue of the foregoing, MACK is entitled to the entry of judgment against COMPONENTS for the sum of $491,000.00, with interest on the amount of $625.00 from June 30, 2005, on the amount of $144,625.00 from September 30, 2005, on the amount of $144,625.00 from December 31, 2005, on the amount of $144,625.00 from March 31, 2006 and the amount of $56,500.00 from June 30, 2006, plus the costs, disbursements and reasonable attorneys' fees incurred in connection with the commencement and prosecution of the instant action.

6

## COUNT III

(Unjust enrichment)

28.  MACK repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "27", inclusive, with the same force and effect as if set forth at length herein.

29.  At the time MACK agreed to enter into the Agreement with JOHNNY, both JOHNNY and COMPONENTS expressly promised to pay the Guaranteed Minimum Royalty to MACK as required by Article 5.1 of the Agreement.

30.  In reliance upon both JOHNNY'S and COMPONENTS' promise to pay the Guaranteed Minimum Royalty, MACK granted JOHNNY exclusive rights and license to use the Licensed Marks in accordance with the Agreement.

31.  Despite termination of the Agreement during the Initial Term and despite due demand for payment, JOHNNY and COMPONENTS have refused to pay the Guaranteed Minimum Royalty monies due and owing to MACK.

32.  As a result of the breach of the Agreement and Guarantee, JOHNNY and COMPONENTS have been unjustly enriched.

33.  By virtue of the foregoing, MACK is entitled to the entry of judgment against JOHNNY for the sum of $963,000.00 together with interest from March 31, 2007, plus the costs, disbursements and reasonable attorneys' fees incurred in connection with the commencement and prosecution of the instant

7

action; and against COMPONENTS for the sum of $491,000.00 with interest on the amount of $625.00 from June 30, 2005, on the amount of $144,625.00 from September 30, 2005, on the amount of $144,625.00 from December 31, 2005, on the amount of $144,625.00 from March 31, 2006 and the amount of $56,500.00 from June 30, 2006, plus the costs, disbursements and reasonable attorneys' fees incurred in connection with the commencement and prosecution of the instant action.

## COUNT IV

### (Reformation)

34.    MACK repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "33", inclusive, with the same force and effect as if set forth at length herein.

35.    During negotiations and at the time the Agreement was made, the parties intended and MACK was led to believe by both JOHNNY and COMPONENTS that COMPONENTS would guarantee payment of the Guaranteed Minimum Royalty set forth in Article 5.1 of the Agreement.

36.    During negotiations and at the time the Agreement was made, JOHNNY and COMPONENTS expressly advised MACK that COMPONENTS would guarantee payment of the Guaranteed Minimum Royalty as set forth in Article 5.1 of the Agreement.

37.    Despite the express intention of the parties and the representations of both JOHNNY and COMPONENTS which induced

MACK to enter into the Agreement, COMPONENTS failed to execute a guarantee for the sole reason that, by mistake, no separate signature block was provided for COMPONENTS to execute the Agreement.

38.  The intention of the parties is further evidenced by the fact that COMPONENTS made payments as guarantor after the Agreement was signed.

39.  In light of the foregoing, and in the absence of an adequate remedy at law, MACK is entitled to reformation of the written Agreement to incorporate an executed guarantee by COMPONENTS conforming to the actual agreement between the parties as set forth above.

40.  Upon reformation of the Agreement, and by virtue of the foregoing, MACK is entitled to the entry of judgment against COMPONENTS for the sum of $491,000.00, with interest on the amount of $625.00 from June 30, 2005, on the amount of $144,625.00 from September 30, 2005, on the amount of $144,625.00 from December 31, 2005, on the amount of $144,625.00 from March 31, 2006 and the amount of $56,500.00 from June 30, 2006, plus the costs, disbursements and reasonable attorneys' fees incurred in connection with the commencement and prosecution of the instant action.

**WHEREFORE**, MACK respectfully demands judgment against the defendants JOHNNY and COMPONENTS as prayed for herein,

together with such other, further and different relief as this

Court deems just, equitable and proper.

DATED:    Mineola, New York
          April 20, 2007

                                    Respectfully submitted,
                                    MAIMONE & ASSOCIATES PLLC


                          BY: _____
                                    MARY D. MILONE   MDM5868
                                    170 Old Country Road
                                    Suite 609
                                    Mineola, NY 11501
                                    (516) 390-9595
                                    Attorneys for Plaintiff

10