**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

| | | |
|---|---|---|
| **MACK TRUCKS, INC.,** | : | 07 CV 3631 (PAC) |
| Plaintiff, | : | |
| -against- | : | **ANSWER OF** <u>**JOHNNY M., LLC**</u> |
| **JOHNNY M., LLC and COMPONENTS BY JOHN McCOY, INC.,** | : | |
| | : | **Trial by Jury Demanded** |
| Defendants. | : | |

-------------------------------------------------------------X

      Defendant JOHNNY M., LLC ("Johnny M."), appears by its attorney, Robert Fierman, Esq., and answers the allegations of the Complaint, by number, as follows:

      1.      Johnny M. denies knowledge or information sufficient to form a belief as to the truth of these allegations.

      2.      Johnny M. denies knowledge or information sufficient to form a belief as to the truth of these allegations.

      3.      Johnny M. denies knowledge or information sufficient to form a belief as to the truth of these allegations.

      4.      Johnny M. admits this allegation.

      5.      Johnny M. denies knowledge or information sufficient to form a belief as to the truth of these allegations.

      6.      Johnny M. denies knowledge or information sufficient to form a belief as to the truth of these allegations.

7. Johnny M. admits only that it entered into an agreement with plaintiff on April 2, 2004 (the "Agreement"), and refers to the terms of the Agreement.

8. Johnny M. neither admits nor denies these allegations, and refers to the terms of the Agreement.

9. Johnny M. neither admits nor denies these allegations, and refers to the terms of the Agreement.

10. Johnny M. neither admits nor denies these allegations, and refers to the terms of the Agreement.

11. Johnny M. denies knowledge or information sufficient to form a belief as to the truth of these allegations.

12. Johnny M. neither admits nor denies these allegations, and refers to the terms of the Agreement.

13. Johnny M. neither admits nor denies these allegations, and refers to the terms of the Agreement.

14. Johnny M. denies these allegations.

15. Johnny M. admits only that its counsel sent a letter dated October 10, 2005 to plaintiff, and refers to the content of that letter.

16. Johnny M. denies these allegations.

17. Johnny M. denies knowledge or information sufficient to form a belief as to the truth of these allegations.

18. Johnny M. denies these allegations.

## ANSWERING "COUNT I"

19. Johnny M. realleges the above responses as though set forth herein.

20. Johnny M. denies these allegations.

21. Johnny M. denies these allegations.

22. Johnny M. denies these allegations.

23. Johnny M. denies these allegations.

## ANSWERING "COUNT II"

24. Johnny M. realleges the above responses as though set forth herein.

25. Johnny M. denies knowledge or information sufficient to form a belief as to the truth of these allegations.

26. Johnny M. denies knowledge or information sufficient to form a belief as to the truth of these allegations.

27. Johnny M. denies knowledge or information sufficient to form a belief as to the truth of these allegations.

## ANSWERING "COUNT III"

28. Johnny M. realleges the above responses as though set forth herein.

29. Johnny M. neither admits nor denies these allegations, and refers the Court to the terms of the Agreement.

30. Johnny M. neither admits nor denies these allegations, and refers the Court to the terms of the Agreement.

31. Johnny M. denies these allegations.

32. Johnny M. denies these allegations.

33. Johnny M. denies the allegations that pertain to it and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

## ANSWERING "COUNT IV"

34. Johnny M. realleges the above responses as though set forth herein.

35. Johnny M. denies the allegations that pertain to it and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

36. Johnny M. denies the allegations that pertain to it and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

37. Johnny M. denies the allegations that pertain to it and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

38. Johnny M. denies that plaintiff is entitled to reformation of the Agreement and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

## FIRST DEFENSE

39. By a certain "Trademark Sublicense Agreement" dated July 25, 2005, Johnny M. granted Success Apparel, LLC ("Success") a sub-license in all of the "Licensed Marks" that plaintiff had licensed to Johnny M. under the Agreement.

40. By letter agreement dated July 25, 2005, plaintiff expressly consented to the sub-license of the Licensed Marks to Success.

41. Thereafter, plaintiff accepted Success's performance of the licensee's obligations under the Agreement, including, upon information and belief, accepting

payments made by Success of the Guaranteed Minimum Royalties set forth in the Agreement.

42. Plaintiff's acceptance of Success's performance and payments intended to and actually did discharge Johnny M. of its obligations under the Agreement, and it effected a novation of Success for Johnny M.

43. As a result, Johnny M. has been discharged from its obligations under the Agreement.

## SECOND DEFENSE

44. Johnny M. paid plaintiff $259,625 pursuant to the Agreement.

## THIRD DEFENSE

45. Johnny M. is entitled to a set off against any payments that Success made to plaintiff.

## FOURTH DEFENSE

46. The Agreement states in Art. 29 that it "constitutes the entire Agreement between the parties . . . and supersedes all prior agreements and understandings relating to the subject matter hereof."

47. Accordingly, the Agreement may not be reformed to incorporate alleged oral representations and "understandings" that preceded its execution and would vary its express terms.

**WHEREFORE**, Johnny M. demands judgment dismissing the Complaint as against it, together with the costs and disbursements of this action.

Dated:    New York, NY
             July 5, 2007

ROBERT FIERMAN

**ROBERT FIERMAN, ESQ.**
(RF 6390)
Attorney for Defendant
*Johnny M., LLC*
52 Vanderbilt Avenue, Suite 1007
New York, NY 10017
212-490-3400

To:    MAIMONE & ASSOCIATES, PLLC
       Attorneys for Plaintiff
       170 Old Country Road, Suite 609
       Mineola, NY 11501
       516-877-0321

       FUHRER & ASSOCIATES, P.C.
       Attorneys for Defendant
       *Components by John McCoy, Inc.*
       750 Third Avenue, 29th Fl.
       New York, NY 10017
       212-681-7888